IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00884-MSK-MEH

PROGRADE AMMO GROUP LLC d/b/a BVAC,
a Delaware limited liability company,

    Plaintiff,

v.

CURT PERRY, an individual,
KRISTEN PERRY, an individual,
AMMO KAN, a Colorado limited liability company,
AMMO CAN LLC, a Colorado limited liability company,
AMMO CAN LLC, a Wyoming limited liability company,
AMMO KAN FRANCHISE GROUP LLC, a Wyoming limited liability company,
HIGH COUNTRY SALES, LLC, a Colorado limited liability company,
HIGH COUNTRY WHOLESALE, LLC, a Wyoming limited liability company,
HIGH COUNTRY SPORT, LLC, a Wyoming limited liability company,
MAVERICK AMMUNITION LLC, a Wyoming limited liability company,
TAD VETTE, an individual,
VICTOR VETTE, an individual, and
JOHN DOES 1-5.

    Defendants.

## SCHEDULING ORDER

**1.    DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The Scheduling/Planning Conference was held on June 19, 2014, beginning at 9:30 a.m.

Plaintiff's counsel and Defendants' counsel appeared in person. The parties were represented as

follows:

    Attorney for Plaintiff ProGrade Ammo Group LLC d/b/a BVAC:

    Brett C. Painter
    Davis Graham & Stubbs LLP
    1550 Seventeenth Street, Suite 500
    Denver, CO 80202
    (303) 892-9400
    brett.painter@dgslaw.com

Attorneys for Defendants Curt Perry, Kristen Perry, Ammo Kan, Ammo Can LLC (a Colorado limited liability company), Ammo Can LLC (a Wyoming limited liability company), Ammo Kan Franchise Group LLC, High Country Sales, LLC, High Country Wholesale, LLC, and High Country Sport, LLC:

Bryant Bodie
Law Office of Roger Moore
1751 Franklin St.
Denver, CO 80218
(303) 830-6900
bbodie@rmoorelaw.com

Ian Saffer
Kent Dallow
Kilpatrick Townsend & Stockton LLP
1400 Wewatta Street, Suite 600
Denver, CO 80202
(303) 571-4000
ISaffer@kilpatricktownsend.com
KDallow@kilpatricktownsend.com

Attorney for Defendants Maverick Ammunition, LLC and Victor Vette:

Murray I. Weiner
Nathan Whitney
Mulliken Weiner Berg & Jolivet, P.C.
102 South Tejon Street, Suite 900
Colorado Springs, CO 80903
(719) 635-8750
weiner@mullikenlaw.com
nwhitney@mullikenlaw.com

**Note: As of the Scheduling Conference, Defendant Tad Vette had not yet been served with the Complaint.**

2. **STATEMENT OF JURISDICTION**

This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (claims under the Lanham Act); 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity), 28 U.S.C. §1338 (trademark), and 28 U.S.C. § 1367 (supplemental jurisdiction). The matter in controversy herein exceeds the amount or value of $75,000.

3. **STATEMENT OF CLAIMS AND DEFENSES**

a.     Plaintiff:

This case involves claims arising from Defendants' misuse of Plaintiff's trademark to falsely designate ammunition products manufactured by Maverick Ammunition, and possibly others, as Plaintiff's ammunition. Plaintiff also asserts claims against Curt Perry, Kristen Perry, Ammo Kan (hereinafter "Ammo Kan Colorado"), Ammo Can LLC (a Colorado limited liability company), Ammo Can LLC (a Wyoming limited liability company), Ammo Kan Franchise Group LLC, High Country Sales, LLC, High Country Wholesale, LLC, and High Country Sport, LLC (the "Ammo Kan Defendants") for fraudulent transfer and piercing the corporate veil to recover amounts owed to Plaintiff for prior purchases of ammunition and for damages in this action.

Plaintiff is a manufacturer of ammunition products doing business under the trade names "Bitterroot Valley Ammunition & Components" and "BVAC." Plaintiff products are sold using "Bitterroot Valley Ammunition & Components," "Bitterroot Valley," and "BVAC" as trademarks (the "BVAC Marks"). Defendant Curt Perry ("Perry") sells ammunition individually and/or through various business entities, including at gun shows (using the name "Ammo Kan"), mail order, wholesale, and, at one time, at a retail facility in Littleton, Colorado. Perry also uses a warehouse space in the same location. Since at least 2011, Plaintiff (or its predecessor) supplied ammunition products to Perry (and/or one or more of the Defendant Entities) for sale at Ammo Kan booths and at the retail facility. Ammo Kan booths prominently display the BVAC Marks, logos and distinctive red and black trade dress on banners at gun shows.

From January to June 2013, Perry, purportedly on behalf of Ammo Kan Colorado, ordered various ammunition products (the "Products") from Plaintiff and promised to pay for the Products. The Products included large quantities of factory rejects and plinkers (ammunition with cosmetic defects). Ammo Kan Colorado and Perry also had a balance owed for previous orders of Products from Plaintiff. Plaintiff delivered the ammunition, but neither Perry nor Ammo Kan Colorado paid for all of the ammunition ordered and delivered. The total amount due to Plaintiff is $377,127.63 (the "Outstanding Balance") as of March 5, 2014, including interest and fees. Plaintiff filed a lawsuit against Ammo Kan Colorado and Perry seeking recovery of the Outstanding Balance in Douglas County, Colorado state district court where the case is now pending.

In 2013, one or more of the Defendants purchased ammunition loading machines and began manufacturing ammunition at Perry's warehouse space. These operations were later moved to Laramie, Wyoming and the manufacturing is now performed by Maverick Ammunition. Upon information and belief, Perry instructed individuals to package ammunition manufactured by one or more of the Defendants in containers labeled "BVAC" ammunition, although the product was not manufactured by BVAC. This has caused actual confusion; customers have contacted Plaintiff regarding counterfeit ammunition marked as BVAC product that they purchased from Defendants but which was packaged in containers that did not have valid BVAC UPC or lot numbers. Upon information and belief, the ammunition in these containers is manufactured by Defendant Maverick Ammunition and/or is factory rejects that one or more Defendants is passing off as first quality product.

In addition, Plaintiff has information and belief that Perry has fraudulently transferred assets from Ammo Kan to Kris Perry and/or one or more of the Defendant entities to avoid payment of the debt owed on the Products delivered. Plaintiff also has information and belief that the Defendant entities are mere alter egos of Perry and/or Kris Perry, and that they are personally liable for the debt and for the claims asserted in this litigation.

Plaintiff has asserted the following claims for relief: (1) False Designation of Origin under the Lanham Act, 15 U.S.C. §1125(a); (2) Colorado Deceptive Trade Practices Act, C.R.S. §6-1-101, *et seq.*; (3) Common Law Trademark Infringement; (4) Common Law Unfair Trade Practices; (5) Unjust Enrichment; (6) Tortious Interference With Prospective Business Advantage (Claims for Relief 1-6 collectively, the "Trademark Claims"); (7) fraudulent conveyance; (8) Alter Ego-Veil Piercing (Claims for Relief 7-8 collectively, the "Collection Claims"); and (9) civil conspiracy/aiding and abetting. Plaintiff has suffered losses and damages as a result of Defendants' wrongful conduct in an amount to be proven at trial.

b.      Defendants and Counter-plaintiffs Curt Perry, Kristen Perry, Ammo Kan (hereinafter "Ammo Kan Colorado"), Ammo Can LLC (a Colorado limited liability company), Ammo Can LLC (a Wyoming limited liability company), Ammo Kan Franchise Group LLC, High Country Sales, LLC, High Country Wholesale, LLC, and High Country Sport, LLC:

Defendant Ammo Kan began purchasing ammunition from Bitterroot Valley Ammunition & Components (BVAC). Ammo Kan and BVAC maintained a good working relationship and sold a substantial amount of ammunition manufactured by BVAC with little to no issues. Towards the end of 2011 or early 2012, ProGrade purchased BVAC. ProGrade took over the management,

5

operations, design, manufacturing, and distribution of BVAC ammunition. Ammo Kan continued to purchase ammunition marked with the BVAC name from ProGrade after ProGrade's purchase of BVAC.

Ammo Kan resells ammunition at gun shows via an Ammo Kan booth as part of its business model. A principal of BVAC provided Ammo Kan a BVAC table cloth to place over the gun show booth to market the brand of ammunition being sold. Defendants' use of this table cloth was permissible, ongoing, and known to Plaintiff and its agents. However, Defendant Ammo Kan ceased all use of the Alleged Marks as a result of this Federal action.

In addition, Defendant received ammunition from ProGrade in boxes marked with BVAC's name. This ammunition was purchased in mass and sold in the factory boxes in which it was packaged. Ammo Kan no longer sells any ProGrade ammunition product, whether marked as BVAC or otherwise.

Plaintiff claims to be owed the sum of $377,127.63 as an outstanding debt for product purchased by Ammo Kan. Plaintiff seeks to recover that amount owing from several of the other named Defendants in this action under their claims of Alter Ego – Veil Piercing and Civil Conspiracy/Aiding and Abetting. Plaintiff has failed to produce any evidence tending to show these named Defendants are mere instrumentalities of Mr. Perry.

Defendants contend the allegation contained in paragraph 102, among other paragraphs, of the Complaint, alleging Mr. and Mrs. Perry are liable for the obligations of the Defendant Entities, "including all obligations arising under or related to the Outstanding Balance" is contractual in

nature and improperly pleaded. Plaintiff's allegations amount to nothing more than a let's throw against the wall and see what sticks and/or the kitchen sink approach.

Defendants and Counter-plaintiffs counterclaim on three grounds: 1) Declaratory Judgment on Non-Infringement of Trademark; 2) Breach of Contract; and 3) Defendants are not properly named parties.

First, Defendants and Counter-plaintiffs are entitled to a declaratory judgment that any use of the alleged BVAC marks by Counter-plaintiffs was authorized, known to, and done at the direction of ProGrade. Defendants and Counter-plaintiffs are also entitled to a declaratory judgment that the only use of the alleged BVAC marks by Counter-plaintiffs was made in connection with the genuine, un-altered goods received by Counter-plaintiffs from Counter-defendant, and therefore no likelihood of confusion or infringement exists.

Second, Defendants and Counter-plaintiffs allege that ProGrade sold Ammo Kan ammunition that was of poor quality, improper design, and manufactured such that the ammunition was defective resulting in misfires, squib loads, mis-crimped rims, faulty primers, hang-fires, pushed in and sunken bullets, wedging in barrels, and damage to firearms. Defendant Ammo Kan notified ProGrade of the defective ammunition and sought to return remaining product. Plaintiff did not perform their obligations under the agreement or arrangement to purchase and sell ammunition. Defendants Perry and Ammo Kan have asserted a similar counterclaim in the Douglas County District Court case # 13 CV 30532, but re-allege as compulsory under F.R.C.P. 13(a)(1).

Defendants and counter-plaintiffs assert they are not properly named parties in this action, and their being named in this action is frivolous, vexatious, and groundless. Whether this be properly deemed a counterclaim or a defense, Defendants maintain the position this Court should treat it as though properly designated pursuant to F.R.C.P. 8(c)(2).

c.       Defendants Maverick Ammunition, LLC and Victor Vette:

Victor Vette is the sole owner/member of Maverick Ammunition LLC ("Maverick"). Maverick manufactures ammunition. Curt Perry ("Mr. Perry") does not own any interest in Maverick and is not the CEO of Maverick.

In its Complaint, Plaintiff asserts certain claims for relief which it refers to herein as the "Trademark Claims." In essence, the Trademark Claims allege that Mr. Perry and/or certain entities controlled by Mr. Perry passed off BVAC "plinkers" as first quality product and passed off non-BVAC ammunition as BVAC ammunition. Apparently, Plaintiff claims that Maverick and Victor Vette conspired with, and aided and abetted, Mr. Perry and/or certain entities controlled by Mr. Perry in committing the alleged acts giving rise to the Trademark Claims.

However, neither Victor Vette nor Maverick agreed, by words or conduct, to engage in any of the alleged unlawful activities described in Plaintiff's Complaint. Furthermore, neither Victor Vette nor Maverick provided Mr. Perry or any entity controlled by Mr. Perry with material assistance in connection with or furtherance of any of the alleged tortious acts described in Plaintiff's Complaint. If it is proven that Mr. Perry or any entity controlled by Mr. Perry committed the alleged acts giving rise to Plaintiff's Trademark Claims, such actions were undertaken without the knowledge or assistance of Victor Vette and Maverick.

Victor Vette and Maverick incorporate all affirmative defenses pled in their Answer.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

a. Plaintiff is a Delaware limited liability company with its principal place of business located at 3616 Eastside Highway, Stevensville, Montana 59870.

b. Plaintiff is a manufacturer of ammunition products doing business under the trade names "Bitterroot Valley Ammunition & Components" and "BVAC."

c. Curt Perry is an owner of Defendants Ammo Kan, Ammo Can LLC (a Colorado limited liability company), Ammo Can LLC (a Wyoming limited liability company), Ammo Kan Franchise Group LLC, High Country Sales, LLC, High Country Wholesale, LLC, and High Country Sport, LLC.

## 5. COMPUTATION OF DAMAGES

a. Plaintiff:

With respect to Plaintiff's Claims 1-6, Plaintiff seeks the following categories of damages, which cannot be computed at this time because the full extent of the wrongful conduct has not been determined:

- Plaintiff's lost profits, out-of-pocket expenses and consequential losses;
- Defendants' profits;
- Costs of litigation, including attorneys' fees, in an amount to be determined at trial;
- Pre- and post-judgment interest.

Because Defendants' conduct was willful, Plaintiff also seeks treble damages pursuant to 15 U.S.C. §1117 and the Colorado Deceptive Trade Practices Act.

With respect to Plaintiff's Claims 7-8, Plaintiff seeks only declaratory and injunctive relief establishing joint and several liability of Curt Perry, Kris Perry, and the entities controlled by them for any judgment and disgorgement of assets fraudulently transferred.

b.      Defendants and Counter-plaintiffs Curt Perry, Kristen Perry, Ammo Kan (hereinafter "Ammo Kan Colorado"), Ammo Can LLC (a Colorado limited liability company), Ammo Can LLC (a Wyoming limited liability company), Ammo Kan Franchise Group LLC, High Country Sales, LLC, High Country Wholesale, LLC, and High Country Sport, LLC:

With respect to Defendants and Counter-plaintiffs' counterclaims, Defendants and Counter-plaintiffs seek the following categories of damages, which cannot be computed at this time because the damages are ongoing and the full extent of the damages is yet to be determined:

- Defendants' lost profits, out of pocket expenses and consequential losses, to be determined at trial;
- Costs of litigation, including attorneys' fees, in an amount to be determined at trial;
- Pre- and post-judgment interest

Additionally, with respect to Counter-plaintiffs First Counterclaim, Counter-plaintiffs seeks declaratory relief that Counter-plaintiffs were authorized to use the alleged marks in connection with the sale of Counter-defendant's ammunition and related products; that Counter-plaintiffs have not infringed and are not liable for infringing any of the allegedly enforceable alleged marks, either directly or indirectly; and that Counter-defendant is barred from claiming infringement of the alleged marks under the doctrines of waiver, estoppel, and acquiescence.

6.  **REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)**

a.  Date of Rule 26(f) meeting.

The Rule 26(f) meeting was held on May 29, 2014, at 3:00 p.m. Attorneys for the parties appeared by telephone.

b.  Names of each participant and party he/she represented.

Brett C. Painter and Nathalie A. Bleuzé of Davis Graham & Stubbs LLP, attorneys for Plaintiff.

Bryant Bodie of the Law Office of Roger Moore and Kent T. Dallow of Kilpatrick Townsend & Stockton LLP, attorneys for Defendants Curt Perry, Kristen Perry, Ammo Kan, Ammo Can LLC (a Colorado limited liability company), Ammo Can LLC (a Wyoming limited liability company), Ammo Kan Franchise Group LLC, High Country Sales, LLC, High Country Wholesale, LLC, and High Country Sport, LLC

Nathan Whitney of Mulliken Weiner Berg & Jolivet P.C., attorneys for Maverick Ammunition LLC and Victor Vette

c.  Statement as to when Rule 26(a)(1) disclosures were made or will be made.

The parties expect to make their Rule 26(a)(1) initial disclosures on or before June 12, 2014 (14 days after the Court's deadline for the parties to hold the Rule 26(f) conference).

d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1). None.

e.  Statement concerning any agreements to conduct informal discovery. None.

f.       Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.  Parties are willing to use a unified numbering system where possible.

g.       Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.  The parties anticipate that some discovery in this case will involve information or records generated and/or maintained in electronic form, including records relating to ammunition sales, inventory, manufacture, and profits; documents relating to the relationship between ProGrade and Ammo Kan; communications between the employees of ProGrade related to the claims and parties in this action; communications between Kris and Curt Perry and the business entities they control; and documents relating to the relationship between and among Kris and Curt Perry and the business entities they control.

(i) Steps taken to preserve ESI:  Plaintiff has been advised and understands its obligation to preserve email and other electronically stored information and has taken steps to ensure such preservation.  Maverick Ammunition has distributed a litigation hold order to its employees.  Defendants and Counter-plaintiffs have been advised and understand their obligation to preserve email and other electronically stored information.  A litigation hold order and follow up litigation hold order have been disseminated by Mr. Perry.

(ii) Steps taken to facilitate discovery of ESI:  Plaintiff's counsel sent a letter to Defendants' counsel in advance of the 26(f) conference with a list of ESI topics to discuss.

Counsel for the parties discussed these issues at the Rule 26(f) conference.

(iii) Steps taken to limit costs and delay: Plaintiff has suggested that the parties agree upon custodians and a time frame in an effort to focus the scope of discovery and reduce costs. Counsel for the parties discussed appropriate custodians at the Rule 26(f) conference. Plaintiff believes the appropriate timeframe for discovery begins January 1, 2013 and continues to the present. The Defendants/Counter-plaintiffs disagree, and believe that the time period begins January 1, 2012 because this is when ProGrade began taking over the design, manufacture, and distribution of ammunition from BVAC, evidences the ongoing implied arrangement or agreement between ProGrade and Ammo Kan, and when ProGrade first became aware of Ammo Kan's use of the alleged BVAC marks. The parties agreed that e-mails and other documents may be produced in pdf form. All electronically stored information will be preserved in its native format.

(iv) Steps taken to avoid discovery disputes: Plaintiff has been communicating with Defendants in an attempt to anticipate (and preemptively address) issues and will continue to do so.

(v) Steps taken to address claims of privilege or protection at trial: The parties are amenable to entry of a Stipulated Protective Order to prevent disclosure of confidential information. The parties will cooperate in drafting a Stipulated Protective Order to present to the Court for approval.

h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties discussed potential settlement negotiations at the Rule 26(f) conference. Counsel for the parties discussed the possibility of engaging in mediation to resolve this case. It was agreed that any settlement negotiations would need to include the pending state court case involving Plaintiff, Ammo Kan, and Curt Perry. Counsel for the parties will discuss potential mediation with their clients.

**7.     CONSENT**

All parties     ☐ [have]     X     [have not] consented to the exercise of jurisdiction of a magistrate judge.

**8.     DISCOVERY LIMITATIONS**

a.     Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules. Plaintiff proposes a limit of 35 interrogatories on each adverse party. In light of the number of Defendants named in this action, Plaintiff requests that it be permitted to take up to 20 depositions.

Defendants and Counter-plaintiffs Curt Perry, Kristen Perry, Ammo Kan, Ammo Can Colorado, Ammo Can Wyoming, Ammo Kan Franchise Group, High Country Sales, High Country Wholesale, and High Country Sport contend that this is excessive and costly. These Defendants seek to limit depositions to ten total as it relates to these Defendants/Counter-plaintiffs. Mr. Perry is the principal of each of the Defendant entities identified in this paragraph, and could be subjected to an onerous number of depositions. Plaintiff can question Mr. Perry on whatever topics related to each of these Defendant entities during one deposition. If good cause is shown, the numbers may be modified upon motion to the court. Defendants and Counter-plaintiffs Curt

Perry, Kristen Perry, Ammo Kan, Ammo Can Colorado, Ammo Can Wyoming, Ammo Kan Franchise Group, High Country Sales, High Country Wholesale, and High Country Sport oppose the excessive number of interrogatories at this time and again believes that only good cause shown should negate or amend the presumptive amount of interrogatories. Defendants/Counter-plaintiffs seek to limit the number of interrogatories to 25 total for this group of parties.

b.  Limitations which any party proposes on the length of depositions. Seven hours.

c.  Limitations which any party proposes on the number of requests for production and/or requests for admission. Plaintiff proposes a limit of 35 requests for production and 35 requests for admission on each adverse party.

d.  Other Planning or Discovery Orders. None.

**9.     CASE PLAN AND SCHEDULE**

a.  Deadline for Joinder of Parties and Amendment of Pleadings: October 20, 2014

b.  Discovery Cut-off: Plaintiff proposes December 19, 2014. Defendants/Counter-plaintiffs propose February 19, 2015. **Court: February 19, 2015.**

c.  Dispositive Motion Deadline: Plaintiff proposes January 19, 2015. Defendants/Counter-plaintiffs propose March 19, 2015. **Court: March 19, 2015.**

d.  Expert Witness Disclosure

   1.  The parties shall identify anticipated fields of expert testimony, if any.

   Plaintiff: trademark strength, forensic accountant

   Defendants: design, manufacture, production, distribution, storage, and sale of ammunition, including ammunition that may have been defective and dangerous to the end user;

damages; trademark strength and customer confusion.

    2.    Limitations which the parties propose on the use or number of expert witnesses. 3 per side.

    3.    Plaintiff proposes that the parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 20, 2014.  Defendants and Counter-plaintiffs Curt Perry, Kristen Perry, Ammo Kan, Ammo Can Colorado, Ammo Can Wyoming, Ammo Kan Franchise Group, High Country Sales, High Country Wholesale, and High Country Sport propose that the parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before December 20, 2014 to allow adequate time for inspection and review.  **Court:  December 1, 2014.**

    4.    Plaintiff proposes that the parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 19, 2014.  Defendants Curt Perry, Kristen Perry, Ammo Kan, Ammo Can Colorado, Ammo Can Wyoming, Ammo Kan Franchise Group, High Country Sales, High Country Wholesale, and High Country Sport propose that the parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before January 19, 2015.

**Court:  January 1, 2015.**

e.    Identification of Persons to Be Deposed:

| Name of Deponent | Estimated Length of |
|---|---|

|  | **Deposition** |
|---|---|
| Curt Perry | 7 hours |
| Kristen Perry | 4 hours |
| Gail Rulo | 7 hours |
| Cristen Scott | 4 hours |
| Ammo Can LLC, a Colorado limited liability company, | 2 hours |
| Ammo Can LLC, a Wyoming limited liability company | 2 hours |
| Ammo Kan Franchise Group LLC, a Wyoming limited liability company | 4 hours |
| High Country Sales, LLC a Colorado limited liability company | 4 hours |
| High Country Wholesale, LLC a Wyoming limited liability company | 4 hours |
| High Country Sport, LLC a Wyoming limited liability company | 4 hours |
| Maverick Ammunition LLC, a Wyoming limited liability company | 7 hours |
| Victor Vette | 7 hours |
| Tad Vette | 7 hours |
| ProGrade Ammo Group LLC, d/b/a BVAC | 7 hours |
| George Klaybourne | 7 hours |
| Chuck Rink | 7 hours |
| Misty Browning | 5 hours |
| Darren Newsom | 7 hours |
| 1-5 Unidentified Individuals |  |

Defendants object to the number of depositions. The redundancy of taking Mr. Perry's deposition and then subjecting him to repeated depositions as the owner of the individual corporate defendants is onerous and unnecessary.

f.      Deadline for Interrogatories:    Plaintiff proposes that the parties serve all final interrogatories no later than thirty-three days before the discovery cut-off date. Defendants and

17

Counter-plaintiffs Curt Perry, Kristen Perry, Ammo Kan, Ammo Can Colorado, Ammo Can Wyoming, Ammo Kan Franchise Group, High Country Sales, High Country Wholesale, and High Country Sport propose that the parties follow the deadlines imposed by the Federal Rules of Civil Procedure and that the parties serve all final interrogatories no later than thirty days before the discovery cut-off date.

g.      Deadline for Requests for Production of Documents and/or Admissions:  Plaintiff proposes that the parties serve all final requests for production of documents and/or admissions no later than thirty-three days before the discovery cut-off date.  Defendants and Counter-plaintiffs Curt Perry, Kristen Perry, Ammo Kan, Ammo Can Colorado, Ammo Can Wyoming, Ammo Kan Franchise Group, High Country Sales, High Country Wholesale, and High Country Sport propose that the parties follow the deadlines imposed by the Federal Rules of Civil Procedure and that the parties serve all final requests for production of documents and/or admissions no later than thirty days before the discovery cut-off date.

**10.    DATES FOR FURTHER CONFERENCES**

a.      Status conferences will be held in this case at the following dates and time : _____ _____.

b.      A final pretrial conference will be held in this case on May 11, 2015 at 9:45 o'clock a.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

**11.    OTHER SCHEDULING MATTERS**

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith

effort, were unable to reach an agreement.

b.      Anticipated length of trial and whether trial is to the court or jury.  8 days to a jury.

c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado.  None.

**12.     NOTICE TO COUNSEL AND PRO SE PARTIES**

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.  Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.  With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.  In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.  In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

**13.     AMENDMENTS TO SCHEDULING ORDER**

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 19th day of June, 2014.

BY THE COURT:
   S/Michael E. Hegarty
United States Magistrate Judge

APPROVED:

s/*Brett C. Painter*
Brett C. Painter
Nathalie A. Bleuzé
Davis Graham & Stubbs LLP
1550 Seventeenth Street, Suite 500
Denver, CO 80202
(303) 892-9400
brett.painter@dgslaw.com
nathalie.bleuze@dgslaw.com
Attorneys for Plaintiff, ProGrade Ammo Group, LLC d/b/a BVAC

s/*Bryant Bodie*
Bryant Bodie
Law Office of Roger Moore
1751 Franklin St.
Denver, CO 80218
(303) 830-6900
bbodie@moorelaw.com
Ian L. Saffer
Kent T. Dallow
Kilpatrick Townsend & Stockton LLP
1400 Wewatta Street, Suite 600
Denver, CO 80202
(303) 571-4000
isaffer@kilpatricktownsend.com
kdallow@kilpatricktownsend.com

Attorneys for Defendants Curt Perry, Kristen Perry, Ammo Kan, Ammo Can LLC (a Colorado limited liability company), Ammo Can LLC (a Wyoming limited liability company), Ammo Kan Franchise Group LLC, High Country Sales, LLC, High Country Wholesale, LLC, and High Country Sport, LLC

s/*Nathan Whitney*
Murray I. Weiner
Nathan Whitney
Mulliken Weiner Berg & Jolivet P.C.
102 South Tejon Street, Suite 900
Colorado Springs, CO 80903
(719) 635-8750
weiner@mullikenlaw.com
nwhitney@mullikenlaw.com
Attorneys for Defendants Maverick Ammunition, LLC and Victor Vette

20