IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00884-PAB-MEH

PROGRADE AMMO GROUP LLC d/b/a BVAC,
a Delaware limited liability company,

      Plaintiff,

v.

CURT PERRY, an individual,
KRISTEN PERRY, an individual,
AMMO KAN, a Colorado limited liability company,
AMMO CAN LLC, a Colorado limited liability company,
AMMO CAN LLC, a Wyoming limited liability company,
AMMO KAN FRANCHISE GROUP LLC, a Wyoming limited liability company,
HIGH COUNTRY SALES, LLC, a Colorado limited liability company,
HIGH COUNTRY WHOLESALE, LLC, a Wyoming limited liability company,
HIGH COUNTRY SPORT, LLC, a Wyoming limited liability company,
MAVERICK AMMUNITION LLC, a Wyoming limited liability company,
TAD VETTE, an individual,
VICTOR VETTE, an individual, and
JOHN DOES 1-5.

Defendants.

---

**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

---

      Plaintiff ProGrade Ammo Group LLC d/b/a BVAC and Defendants Curt Perry, Kristen

Perry, Ammo Kan, Ammo Can LLC (a Colorado limited liability company), Ammo Can LLC (a

Wyoming limited liability company), Ammo Kan Franchise Group LLC, High Country Sales,

LLC, High Country Wholesale, LLC, and High Country Sport, LLC, Maverick Ammunition

LLC and Victor Vette anticipate that discovery and trial in this action will require production of

documents and testimony that contain confidential and proprietary business information, the unprotected disclosure of which might have a detrimental impact on the parties' legitimate business and personal interests.

NOW, THEREFORE, it is hereby AGREED by the parties and ORDERED by the Court as follows:

1.    Whenever a party or nonparty (a "Producing Party") discloses, or anticipates disclosing, documents or information that the party, in good faith, believes contains confidential and proprietary business or personnel information, trade secrets,  any other confidential or proprietary research, development, financial, or commercial information, other such information in accordance with Fed. R. Civ. P. 26(c)(1)(G), or other information required by law or agreement to be kept confidential, that party (the "Designating Party") may designate that material as "Confidential".

2.    Whenever a Producing Party discloses, or anticipates disclosing, documents or information that the party, in good faith, believes contains information that the Producing Party deems especially sensitive and disclosure of which to another party in this litigation could cause harm to the Producing Party, which may include, but is not limited to, commercial, financial, technical, or marketing information or trade secrets, which information or trade secrets may be of a technical or commercial advantage to its possessor with respect to another party or non-party, that Designating Party may designate that materials as "Highly Confidential."

3.    Documents, testimony, deposition transcripts and/or videotapes, written responses to discovery, declarations, and any other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation may be designated

- 2 -

Confidential or Highly Confidential and subject to the provisions of this Stipulated Protective Order and Confidentiality Agreement ("Protective Order").  This includes writings and recordings ascribed as such under Federal Rule of Evidence 1001(1), including, without limitation, original writings, drawings, graphs, charts, photographs, recordings (by video or audio device), electronically-stored data, and any other compilation from which information can be obtained or translated, if necessary, through detection devices into a reasonably usable from, and any copies thereof.

4.      A Designating Party shall designate all documents and information as Confidential or Highly Confidential by clearly stamping "Confidential" or "Highly Confidential" in a place or manner that is readily apparent and avoids any interference with the legibility of the material or by designating them as Confidential or Highly Confidential in correspondence from counsel to the party producing documents.  Information or data that has not been reduced to written form may be designated as Confidential or Highly Confidential by informing counsel for the parties in writing.

5.      Designation of Confidential or Highly Confidential documents and information shall be made at or prior to the time of production of the documents or information.  In the case of deposition testimony, a party claiming that information contained therein is Confidential or Highly Confidential shall advise all other counsel in writing of the specific pages of the deposition to be treated as Confidential or Highly Confidential within twenty (20) days following receipt of the transcript of the deposition.  A party may also designate certain portions of deposition testimony as Confidential or Highly Confidential during the deposition, as long as the designation is on the record.  All depositions shall be treated as Confidential for twenty (20) days

after receipt of a full and complete transcript by that party's counsel, unless the parties otherwise agree in writing.

6.      Confidential and Highly Confidential documents and information shall not lose their Confidential or Highly Confidential character simply because the documents and information are designated as an exhibit to a deposition, regardless of whether the deposition or deposition transcript itself is later designated, in whole or in part, as Confidential or Highly Confidential.

7.      Documents and information designated Confidential or Highly Confidential shall not be disclosed to any person or entity, or otherwise made public, except in compliance with the terms of this Protective Order, unless otherwise ordered by the Court or agreed to in writing by the parties.  Documents and information designated as Confidential or Highly Confidential may be used solely for purposes of this litigation.

8.      All material designated as Confidential shall not be disclosed, directly or indirectly, to any person other than the following individuals:

        (a)      the Court and necessary Court personnel;

        (b)      the parties to this action, including their officers, directors, and employees;

        (c)      counsel for the parties to this action, including counsel of record and their partners, associates, and employees, and in-house attorneys for any party to this action and employees of the in-house legal department of any party in this action;

        (d)      expert witnesses and consultants consulted with or retained in connection with this litigation;

        (e)      deponents;

(f)      court and stenographic reporters performing necessary duties in this action;

(g)      any person who authored or previously received the document or information before its designation as Confidential (excluding persons who may have received such information inadvertently); and

(h)      any other person who is designated to receive Confidential information by:

(1) stipulation of the Designating Party; or

(2) order of the Court.

9.      All materials designated as Highly Confidential shall not be disclosed, directly or indirectly, to any person other than the following individuals:

(a)      the Court and necessary Court personnel;

(b)      counsel for the parties to this action, including counsel of record and their partners, associates, and employees, but excluding any in-house counsel for the receiving party;

(c)      supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services;

(d)      experts or consultants consulted with or retained in connection with this litigation;

(e)      deponents;

(f)      court and stenographic reporters performing necessary duties in this action;

(g)      any person who authored or previously received the document or information before its designation as Highly Confidential (excluding persons who may have

received such information inadvertently);

(h)    any other person who is designated to receive Highly Confidential information by:

(1) stipulation of the Designating Party; or

(2) order of the Court.

10.    Prior to the disclosure of any Confidential or Highly Confidential material to any person or entity in accordance with paragraphs 8 and 9 above, counsel shall advise said person that the Confidential or Highly Confidential material is being disclosed pursuant to this Protective Order and may not be disclosed other than pursuant to the terms of the Protective Order.  All persons to whom Confidential or Highly Confidential material is disclosed pursuant to paragraphs 8(d), (e) or (h) or 9 (d), (e), or (h) must sign the Confidentiality Acknowledgment in the form attached hereto as Exhibit A.  The party disclosing any Confidential or Highly Confidential material shall maintain the original acknowledgment and produce it upon request by any party or the Court.

11.    Producing or receiving materials or otherwise complying with the terms of this Protective Order shall not:

(a)    operate as an admission by any party that any particular discovery material contains or reflects any Confidential or Highly Confidential information or a trade secret under applicable law;

(b)    prejudice in any way the rights of any party to object to the production of material it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise;

(c)      prejudice in any way the rights of a party to seek a determination from the

Court regarding whether particular discovery materials should be produced; or

(d)      prejudice in any way the rights of a party to apply to the Court for any

additional protection with respect to the confidentiality of documents or information as that party

may consider appropriate.

12.      A party may object to the designation of particular Confidential or Highly

Confidential information by giving written notice to the Designating Party.  The written notice

shall identify the information to which the objection is made.  If the parties cannot resolve the

objection within ten (10) business days after the time the notice is received, it shall be the

obligation of the Designating Party to file an appropriate motion requesting that the Court

determine whether the disputed information should be subject to the terms of this Protective

Order.  If such a motion is timely filed, the disputed information shall be treated as Confidential

or Highly Confidential under the terms of this Protective Order until the Court rules on the

motion.  If the Designating Party fails to file such a motion within the prescribed time, the

disputed information shall lose its designation as Confidential or Highly Confidential and shall

not thereafter be treated as Confidential or Highly Confidential in accordance with this

Protective Order.  In connection with a motion filed under this provision, the Designating Party

shall bear the burden of establishing that good cause exists for the disputed information to be

treated as Confidential or Highly Confidential.

13.      Material designated as Confidential or Highly Confidential may be referred to in

discovery, discovery responses, motions, briefs, or other papers filed with the Court and may be

used in depositions, oral arguments, or at trial in this action either as exhibits or as the basis for

questions.  The material designated as Confidential or Highly Confidential and any brief or other documents referring to or incorporating such shall be filed under filing restrictions in accordance with D.C.COLO.LCivR 7.2.  Documents filed under seal shall remain sealed until further order of the Court.

14.     Should any documents, information, or testimony designated as Confidential or Highly Confidential be disclosed, inadvertently or otherwise, to any person or party not authorized under this Protective Order, then the party responsible for the disclosure shall use its best efforts to (1) promptly retrieve the disclosed documents, information, or testimony from such unauthorized person or party; (2) promptly inform such person or party of all the provisions of this Protective Order; (3) identify such person or party immediately to all other parties; and (4) identify the Confidential information immediately to all other parties.  Nothing in this paragraph shall limit the right of the party that designated the information as Confidential or Highly Confidential to seek any appropriate sanction or remedy against the party that inadvertently or otherwise disclosed the Confidential or Highly Confidential documents, information, or testimony to a person or party not authorized by this Protective Order.

15.     If material designated as Confidential or Highly Confidential in this action is called for in a subpoena or other process by someone who is not a party to this action, the party to whom the subpoena or other process is directed shall promptly give written notice thereof to the Designating Party and shall not produce the information until the later of (a) ten (10) days after providing notice or (b) the return date of the subpoena or other process.

16.     This Protective Order shall survive the final termination of this action and shall remain in effect after the conclusion of this litigation.  Within sixty (60) days of the final

disposition of this action and any related action (including any appeals), and subject to further order of the Court or written stipulation of the parties, each party shall either (a) return all documents and information to the Designating Party or (b) destroy all materials that have been designated as Confidential or Highly Confidential.  This paragraph shall not be construed to require the return or destruction of any Court papers or exhibits, deposition transcripts or exhibits, regularly maintained litigation files, or other attorney work product created for any party.  Any material designated as Confidential or Highly Confidential, or portions or excerpts thereof, which are not destroyed or returned pursuant to this paragraph, shall remain subject to the terms of this Protective Order.

17.     The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

18.     In the event that additional persons become parties to this action, they shall not have access to Confidential or Highly Confidential material produced by or obtained from any party until the newly joined party or their counsel confirms in writing to all other parties that they have read this Protective Order and agree to be bound by its terms.

19.     The following stipulations and procedures will govern the inadvertent disclosure of materials protected by the attorney-client privilege, work product doctrine, or other privilege or immunity:

(a)     In the event any material is produced that the Producing Party later reasonably and in good faith claims is protected by the attorney-client privilege, work product doctrine, or other privilege or immunity, the Producing Party shall inform the receiving party in writing of the asserted privilege and the factual basis therefor.  The receiving party shall, within

five (5) business days of receipt of such notice, return the original to the Producing Party, and

after making a good faith search, destroy all known copies thereof and delete any known copy of

the documents, or any portion thereof, from any word processing or database tape or disk it

maintains.  The receiving party also agrees to delete or destroy any additional copies of such

documents of which it might become aware in the future.  The receiving party will in no manner

examine the documents over which privilege is asserted after receiving notice of the asserted

privilege.

      (b)    If during the receiving party's review of documents from the Producing

Party, the receiving party discovers a document that appears on its face to be protected by the

attorney-client privilege, work product doctrine or other privilege or immunity, the receiving

party shall, within two (2) business days, call the attention of the Producing Party to the

document(s).  If the Producing Party claims a privilege over the documents, it must give the

notice required by subparagraph (a) within three (3) business days thereafter, from receipt of

which subparagraph (a) will govern the receiving party's obligations.

      (c)    Inadvertent production of privileged, work product protected, or immune

documents in the course of discovery in this action shall not constitute a waiver of any privilege,

work product protection, or immunity, either as to the produced material or as to any other

material or communications.

      (d)    Return of documents or information for which the Producing Party has

asserted a claim of privilege, work product protection, or immunity under this paragraph shall be

without prejudice to the receiving party's right to seek an order from the Court directing

production of the information on the ground that the claimed privilege, work product protection,

or immunity is invalid; provided, however, that mere production of the information in the course

of this action shall not be a ground for asserting waiver of the privilege, protection, or immunity.

      (e)    If a document or information is identified as protected by the

attorney-client privilege, work product doctrine, or other privilege in accordance with

subparagraphs (a) and/or (b) above, the receiving party shall not make any use of the document

or its contents, including, without limitation, as part of any publicly available court filing, and

shall hold it in the strictest of confidence, unless and until the Court directs the production of the

document or information as provided for in subparagraph (d) above.

IT IS SO STIPULATED:

DATED:  July 29, 2014.


*s/  Nathalie A. Bleuzé*
Brett C. Painter
Nathalie A. Bleuzé
Davis Graham & Stubbs LLP
1550 Seventeenth St., Suite 500
Denver, CO 80202
brett.painter@dgslaw.com
nathalie.bleuze@dgslaw.com
Attorneys for Plaintiff ProGrade Ammo Group LLC d/b/a BVAC


*s/  Bryant Bodie*
Bryant Bodie
Law Office of Roger Moore
1751 Franklin St.
Denver, CO 80218
bbodie@rmoorelaw.com

Ian L. Saffer
Kent T. Dallow
Kilpatrick Townsend & Stockton LLP
1400 Wewatta Street, Suite 600
Denver, CO 80202

isaffer@kilpatricktownsend.com
kdallow@kilpatricktownsend.com

Attorneys for Defendants Curt Perry, Kristen Perry, Ammo Kan, Ammo Can LLC (a Colorado
limited liability company), Ammo Can LLC (a Wyoming limited liability company), Ammo Kan
Franchise Group LLC, High Country Sales, LLC, High Country Wholesale, LLC, and High
Country Sport, LLC

*s/  Nathan Whitney*
Murray I. Weiner
Nathan Whitney
Mulliken Weiner Berg & Jolivet P.C.
102 South Tejon Street, Suite 900
Colorado Springs, CO 80903
weiner@mullikenlaw.com
nwhitney@mullikenlaw.com

IT IS SO ORDERED:

DATED:  July 30, 2014, in Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

**EXHIBIT A**

I, _____, have read the Stipulated Protective Order and

Confidentiality Agreement in the action entitled *ProGrade Ammo Group LLC d/b/a BVAC v.*

*Curt Perry, et al.*, Civil Action No. 14-cv-00884-PAB-MEH, United States District Court,

District of Colorado, and agree to be bound by its terms.


_____          _____

Signature                                                        Date