IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00884-PAB-MEH

PROGRADE AMMO GROUP LLC, a Delaware limited liability company d/b/a BVAC,

    Plaintiff/Counter Defendant,

v.

CURT PERRY, an individual,
KRISTEN PERRY, an individual,
AMMO KAN, a Colorado limited liability company,
AMMO CAN LLC, a Colorado limited liability company,
AMMO CAN LLC, a Wyoming limited liability company,
AMMO KAN FRANCHISE GROUP LLC, a Wyoming limited liability company,
HIGH COUNTRY SALES, LLC, a Colorado limited liability company,
HIGH COUNTRY WHOLESALE, LLC, a Wyoming limited liability company, and
HIGH COUNTRY SPORT, LLC, a Wyoming limited liability company,

    Defendants/Counter Claimants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendants' Motion to Strike Responses to Requests for Admission [filed February 13, 2015; docket #79]. The matter is fully briefed and the Court finds oral argument will not assist in the adjudication of the motion. For the reasons that follow, the motion is **granted**.

Defendants contend that they served their first requests for admission on September 11, 2014; however, the Plaintiff did not respond to the requests until February 5, 2015. Accordingly, Defendants seek an order deeming the requests for admissions admitted and striking Plaintiff's untimely responses.

Plaintiff counters that it, indeed, received a stipulation from Defendants that the deadline for responses to the discovery requests could be extended to November 5, 2014. However, around that

same time, Defendants' counsel informed Plaintiff's counsel that he intended to withdraw and Plaintiff agreed it would not seek default against the Defendants until early 2015 to allow Defendants time to seek alternate counsel. During this time, Plaintiff contends it understood that all deadlines were suspended; then, when new defense counsel entered his appearance on November 14, 2015, Plaintiff's counsel unintentionally failed to reinstate the deadlines. Plaintiff asserts that from approximately mid-November until early February, counsel for the parties discussed possible settlement of the claims; however, defense counsel never mentioned the discovery responses or any intention to file the present motion until a February 12, 2015 email. Accordingly, Plaintiff argues the motion should be denied for failure to confer and seeks an order withdrawing the deemed admissions.[1]

Defendants reply that Plaintiff admitted the mistake, but still has not moved for extension of time within which to submit its discovery responses or demonstrated excusable neglect. Further, Defendants assert that they had no knowledge of any deadlines being suspended and began to prepare a dispositive motion based on the deemed admissions. Defendants also contend that once they received Plaintiff's response to the February 12, 2015 email and position on their notice of filing the present motion, no further conferral was required. Finally, although Defendants acknowledge that the Court announced its disinclination to consider any motion made in Plaintiff's response brief, Defendants respond that Plaintiff failed to confer on any such motion and that Rule 36(b) should not be applied in place of Rule 6(b) for untimely responses, particularly those

---

[1] On March 18, 2015, this Court notified the parties that any "pending motion to withdraw deemed admissions" did not exist on the docket, that the Plaintiff filed its response brief only as a "response," and that D.C. Colo. LCivR 7.1(d) prohibits the inclusion of a motion in a response or reply brief. Docket #85.

submitted as late as four motions after the deadline.  Defendants ask that, should the Court grant any request for withdrawal of the admissions, a less severe sanction be imposed against the Plaintiff, such as an award of attorney's fees.

Rule 36 provides that "[a] party may serve upon any other party a written request to admit" the truth of certain matters.  Fed. R. Civ. P. 36(a)(1).  If the receiving party fails to respond to the request within 30 days, or within such other time as the court may allow, the matter is deemed admitted.  Fed. R. Civ. P. 36(a)(3).

Once a matter is admitted, it "is conclusively established unless the court, *on motion*, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b) (emphasis added). The court may permit such withdrawal or amendment "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.*; *see also Raiser v. Utah Cnty.*, 409 F.3d 1243, 1246 (10th Cir. 2005).  The first part of the test "emphasizes the importance of having the action resolved on the merits and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case."  *Raiser*, 409 F.3d at 1246 (quoting *Perez v. Miami-Daid Cnty.*, 297 F.3d 1255, 1266 (11th Cir. 2002)).  Regarding the second part of the test, "[m]ere inconvenience does not constitute prejudice."  *Id.*  Rather, the prejudice "relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted."  *Id.* (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)).

Here, Plaintiff asks the Court to deny Defendants' motion to strike for Defendants' failure to confer pursuant to D.C. Colo. LCivR 7.1(a); however, while the Court encourages actual

discussion, rather than a single voicemail, email, or letter, it is evident by the Plaintiff's response to defense counsel's email that there would be no further discussion about the matter. *See* February 13, 2015 Email from Vail to French, Motion Exh. C, docket #86-1.

With respect to Rule 36(a), there is no dispute that Plaintiff's responses to Defendants' requests for admissions were submitted well past the deadline; accordingly, Defendants' requests that comply with Rule 36(a) are deemed admitted.[2] Regarding Rule 36(b), as set forth above, this Court notified the parties on March 18, 2015 that no motion seeking amendment or withdrawal exists in this case, considering that such motion was included in Plaintiff's response brief and, thus, not filed properly. Despite this notice (as well as Defendants' discussion of the notice in their reply brief), Plaintiff has not filed any further motions.

Even if the Court were to agree with the Defendants that Rule 6(b) is more properly applicable to Plaintiff's failure to respond timely to Defendants' discovery requests, the Rule provides "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... ***on motion made after the time has expired*** if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B) (emphasis added). Again, there is no dispute that by February 5, 2015, the deadline for discovery requests had expired; however, Plaintiff has filed no

---

[2]Requests for admission must comply with the scope and form requirements of Fed. R. Civ. P. 36(a). For example, requests for admission that are overly broad or vague as to time or scope are properly objectionable. *F.T.C. v. Think All Publ'g L.L.C.*, No. 4:07-cv-011, 2008 WL 687454, at *4 (E .D. Tex. Mar. 11, 2008) (unpublished). In addition, requests for admission relating to the truth of a legal conclusion are properly objectionable, even though Rule 36 permits the application of law to fact. *Utley v. Wray*, No. 05-1356-MLB, 2007 WL 2703094, at *3 (D. Kan. Sept. 14, 2007) (unpublished) (citing *Disability Rights Council v. Wash. Metro. Area*, 234 F.R.D. 1, 3 (D. D.C. 2006)). Specifically, "requests for admissions of law which are related to the facts of the case are considered to be inappropriate." *Lakehead Pipe Line Co. V. Am. Home Assur. Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997).

motion seeking an extension of time.

The Court was prepared to issue this order on Monday, March 23, 2015; however, to allow the Plaintiff some additional time within which to review this Court's order and Defendant's reply brief, both filed March 18, 2015 and both notifying the Plaintiff of its obligation to file a proper motion, the Court waited an additional week. Plaintiff has filed nothing; accordingly, the Court has no choice but to grant Defendants' motion and deem its requests for admissions, all found to be properly within the scope of the rule, admitted pursuant to Fed. R. Civ. P. 36(a).

## **CONCLUSION**

Accordingly, the Defendants' Motion to Strike Responses to Requests for Admission [filed February 13, 2015; docket #79] is **GRANTED**. Defendants' requests for admission, which were submitted to Plaintiff on September 11, 2014, are deemed admitted.

Dated at Denver, Colorado, this 30th day of March, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge